HON. ASAHEL PECK,
HON. HOYT H. WHEELER, } ASSISTANT JUDGES.
HON. JONATHAN ROSS,

---

\* IRA FARNUM *v.* AMASA K. PERRY — NATHAN HASTINGS AND HOLLIS G. STOWELL, TRUSTEES.

*Sheriff's Sale.    Officer.    Trustee Process.*

A question not raised or passed upon by the referee or county court cannot be raised in the supreme court.

Where a constable bid in a horse which he was selling on execution, and accounted for the proceeds to the execution creditor, neither the debtor nor creditor objecting, but being satisfied with the price, and the constable then sold it to H., the debtor acquiescing in the sale, and there being nothing in the transaction fraudulent as to creditors, it was *held* that the sale to H. was good, and transferred the title; and that neither the constable nor H. were chargeable as trustees in a suit against the debtor in favor of another creditor.

---

\* Tried February term, 1870.

THIS was an action of *assumpsit* in the common counts, and was referred to a referee, from whose report it appeared that in 1865 the plaintiff conveyed certain lands to the defendant, and took a mortgage back, conditioned that the defendant should support the plaintiff and wife during their lives, &c. The defendant moved on to said lands in pursuance of this arrangement, but soon after his property was attached by Harris & Son, to whom he was indebted, and he finally left the place and abandoned the contract set forth in said deeds, without making any further agreement or arrangement with the plaintiff. The plaintiff's claim was for rent and certain things which he let the defendant have when he moved on to his farm. The referee found the amount due the plaintiff, after deducting offsets, to be $190.

The referee reported that the parties agreed to waive any objection to the declaration for the want of special counts and pleas in offset or in bar, so far as to try the case upon its merits as far as it could be tried in any action of assumpsit with any plea in offset or in bar to such action, and the hearing proceeded and the report is made in this view of the case.

Among the articles attached by said Harris & Son in their suit against the defendant was a horse, which was with the other articles sold on the execution in favor of said Harris & Son, and was bid off by the trustee Stowell, who was the constable who served Harris & Son's writ of attachment and sold the property attached, including said horse, upon the said execution in their favor. Stowell afterwards sold said horse to the trustee Hastings. The circumstances under which Stowell bid off said horse and sold it to Hastings, as appeared from the report of the commissioner, are stated in the opinion of the court. In regard to Stowell's bidding off the horse, the commissioner taking the trustee's disclosure reported that Stowell bid in the colt, supposing that he had a legal right to do so, and that the sale to him was a valid sale.

The avails of the whole of the property sold overpaid Harris & Son's execution, and left in Stowell's hands about three dollars. He accounted to Harris & Son upon the execution for the colt at the sum he bid it in for—$125. None of the parties interested

Farnum v. Perry and Trustees.

in Harris's execution made any objection to the manner of the sale, or the sum for which Stowell bid in the colt and accounted for it, but he did not pay over the funds until after the service of the trustee process upon him.

The court, at the September term, 1869, BARRETT, J., presiding, accepted the report of the referee and rendered judgment thereon for the plaintiff according to the report, *pro forma*, to which the defendant excepted. Also accepted the report of the commissioner, and rendered judgment, *pro forma*, thereon against both trustees, making them chargeable for the value of said horse, to which the trustees excepted.

*Charles N. Davenport*, for the trustees, cited *Woodbury* v. *Parker*, 19 Vt., 353 ; *Mills* v. *Goodsell*, 5 Conn., 475 ; *Pierce* v. *Benjamin*, 14 Pick., 356 ; *Perkins* v. *Thompson*, 3 N. H., 144.

*Waterman & Reed*, for the plaintiff.

The opinion of the court was delivered.by.

PIERPOINT, C. J. This case comes before this court upon exceptions by the principal debtor and the trustees.

On the trial the parties on both sides waived all technical objections in respect to the declaration and pleas, so far as to try the case upon its merits, as far as it could be tried in any action of assumpsit, thus saving the right to object to the plaintiff's right to recover in an action of assumpsit. And the defendant now insists that the action of assumpsit cannot be maintained upon the facts found by the referee. Although the party reserved the right, it does not appear from the report and the case as made for this court, that he raised this question before the referee, or that it was raised and passed upon in the court below. This being so, it is perfectly well settled, by repeated decisions, that the question cannot be raised in this court. Hence the judgment against the principal debtor must be affirmed.

It appears that the trustee Stowell, as constable, had an execution against Perry, the principal debtor, on which he had attached a horse belonging to said Perry, and had duly advertised

the same for sale. When the property was sold on the execution, Stowell himself bid off the horse, supposing he had a legal right to do so. This was irregular, and either the creditor or Perry might have objected to it and treated the sale as void, but the creditor made no objection, the horse being sold for more than the amount of the execution. Perry was present at the sale and made no objection to Stowell's bidding off the horse, and was satisfied with the price obtained for him. After the horse was bid off by Stowell, he sold the horse to the trustee Hastings. Perry was present at this last sale, and had full knowledge of the whole transaction, and when Stowell said to Perry that he believed he should let Hastings have the horse, he said, "It makes no odds to me. The horse is yours; you may do what you are a mind to with it." On these facts we think the sale to Hastings was good, and transferred the title, and Perry would be estopped from setting up any claim to the horse, or to the money for which the horse was sold. There was nothing in the transaction that was fraudulent as to Perry's creditors; and as Perry could not sustain a claim, either for the horse or the money, this plaintiff by virtue of the trustee process cannot put himself in any better position than Perry stood.

Judgment as to trustees reversed, and trustees discharged.